(61 Misc. Rep. 222.)

## ANGLO-AMERICAN AUTHORS' ASS'N v. SLUTSKY.

(Supreme Court, Appellate Term.    December 16, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURT—RECORD—PLEADINGS.

   Where the record on appeal from a Municipal Court order refusing to open defendant's default on the pleadings, and defendant's affidavit contained no pleadings, and there was nothing to show whether the pleadings were oral or written, or whether plaintiff had stated facts sufficient to constitute a cause of action, etc., the record would be returned for correction.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 2830–2833; Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURT—APPEALS—RECORD.

   It is the duty of counsel on appeals from the Municipal Court to the Appellate Term to see that the returns filed are complete before the appeals are brought on for argument, and, if examination shows them to be imperfect, to move that they be returned for correction and resettlement.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 2793; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Anglo-American Authors' Association against M. E. Slutsky. From an order denying defendant's motion to open his default in the New York Municipal Court, he appeals. Record remanded for correction.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Louis A. Brown, for appellant.
Dyrsen & McDonald, for respondent.

GIEGERICH, J. A motion to open the default of the defendant was made herein "upon the proceedings and pleadings herein and

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the annexed affidavit of the defendant," and, such motion being denied, the defendant brings this appeal.

The record filed upon the appeal contains no pleadings, and there is nothing to show whether they were oral or written. Whether or not the plaintiff fails to state facts sufficient to constitute a cause of action, or sets up a cause of action that should have been brought in a different form as claimed by the appellant, it is impossible to determine. This court has repeatedly called the attention of counsel to the fact that it is their duty to see that the returns filed upon appeals are complete when they are brought on for argument. If, after filing, an examination shows them to be imperfect, upon motion they may be returned for correction and resettlement. The court would be saved valuable time and the cry of the "law's delay" be less well founded if the admonition of the court in this respect were heeded by attorneys practicing therein. The failure of the court heretofore to dismiss appeals when the record comes up in such an imperfect and incomplete manner is due to a desire to save the rights of innocent parties, but this forbearance must necessarily cease in view of the rapidly accumulating business of this court.

The record is returned to the files of the lower court for correction. All concur.